Prob12CV





USDC S... 
DOCUMENT 
ELECTRONICALLY FILED 
DOC #: _____ 
DATE FILED 9/21/12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### PROBATION OFFICE

**Notification of Arrest of Offender Under Supervision**

Offender: **Tyrone Moore**                           Docket Number: **02-CR-1157 (SCR)**

Sentencing Judicial Officer: **Honorable Stephen C. Robinson, U.S. District Court Judge**

Date of Original Sentence: **March 26, 2004**

Original Offense: **Possession with Intent to Distribute Cocaine Base (21 USC 812, 841(a)(1) and (b)(1)(A)), a Class A Felony.**

Original Sentence: **Ninety-six (96) months custody, followed by a five (5) year term of supervised release.**

Type of Supervision: **Supervised Release**        Date Supervision Commenced: **July 3, 2010**

---

The U.S. Probation Office has learned that the offender was arrested and charged with the following:

| Date of Arrest | Arresting Agency | Charges/Court | Next Court Appearance Date |
|---|---|---|---|
| 9/12/2012 | New York City Police Department (NYPD) | Aggravated Harassment in the 2nd Degree, in Violation NYS PL 120.00 01, a Class A Misdemeanor. | October 24, 2012 |

On September 12, 2012, at approximately 12:52 A.M., inside of 5905 Glenwood Road, Apartment 1E, Brooklyn, New York, the offender was arrested and charged as noted above. A search of the New York State Unified Court Systems revealed additional charges of the following: (1) One Count of Menacing in the 3rd Degree, in Violation of NYS PL 120.15 00, a Class B Misdemeanor; (2) One Count of Attempted Assault with Intent to Cause Physical Injury, in Violation with NYS PL 110-120.00 01, a Class B Misdemeanor; and (3) One Count of Harassment in the 2nd Degree, in Violation of NYS PL 240.26 01, a Violation.

According to the arrest report, on the above date the offender was accused of assaulting his fiancee, Tashana Johnson. Moore's supervision officer, U.S. Probation Officer (USPO) Lee Kwok, indicates that on the night of the assault, the defendant and the victim had been in an argument regarding his infidelity in which he punched Ms. Johnson in the face with a closed fist. However, when NYPD arrived, the victim had no visible injuries, refused to take any pictures, or fill out the domestic incident report narrative.

Tyrone Moore                                                  Docket Number: 02-CR-1157 (SCR)
                                                              P37354/EF.dlh

2

On September 12, 2012, Moore was arraigned in Kings Criminal Court under Docket Number 2012KN076478, and released on his own recognizance. At that time, an Order of Protection was issued against Moore and he is scheduled to return to Court on the date noted above.

## U.S. PROBATION OFFICER ACTION AND RESPONSE

USPO Kwok reports that during an office visit on September 14, 2012, the offender explained that he and his fiancee had an argument regarding their relationship. The offender had asked her for the keys to his vehicle, as he wanted to leave the apartment and "cool off". She refused and sprayed an insect repellant in his face. The offender then called NYPD, who arrived on scene and his fiancee made a false accusation that he physically assaulted her. The offender has maintained that he did not physically assault her in any manner. They have since made up and anticipate that the case will be dismissed in the near future. The arresting officer was interviewed regarding the above incident and advised that during the initial response to the scene, the victim made the allegations. Once the officers placed the offender in handcuffs, the victim became uncooperative. The officer also did not see any marks on the victim's face and does not believe that the offender assaulted the victim.

In response to the offender's recent arrest, the Eastern District of New York (EDNY) reports that, although they have not officially reprimanded Mr. Moore, they continue to monitor his compliance with the remaining conditions of supervision while they await the disposition of the aforementioned case pending in Kings Criminal Court.

## SUMMARY OF COMPLIANCE WITH SUPERVISION CONDITIONS

Reference is made to the above noted offender who was sentenced by the Honorable Stephen C. Robinson, U.S. District Court Judge. In addition, the Court ordered $100.00 special assessment, a fine in the amount of $5,000, and the following special conditions: (1) The defendant shall participate in a substance abuse program approved of by the U.S. Probation Office which may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the Probation Officer, based on ability to pay or availability of the third-party payment; (2) The drug testing condition is suspended; (3) The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of conditions of release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition; (4) It is recommended that the defendant be supervised by the district of residence; (5) The defendant shall provide the Probation Officer with access to any requested financial information; (6) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule; (7) The defendant will participate in the BOP residential drug abuse treatment program (commonly referred to as the 500 hour substance abuse program); (8) The defendant shall report in person to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and (8) In the event that the defendant is incarcerated and is

Tyrone Moore                                                    Docket Number: 02-CR-1157 (SCR)
                                                                P37354/EF.dlh

3

engaged in a BOP non UNICOR work program, the defendant shall pay $25.00 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1-4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with the BOP regulations at 28CFR545.11.

Upon his release from the Bureau of Prisons, the offender commenced his five (5) year term of supervision in the EDNY based on his residence in Brooklyn, New York. He is currently under the supervision of USPO Kwok.

According to USPO Kwok, aside from the aforementioned arrests, Moore is also in default status regarding his restitution obligation by $300.00. USPO Kwok reports that Moore has agreed to make a $300 payment by the end of September 2012.

Additionally, USPO Kwok reports that despite the above, the offender is in compliance with all of the other conditions of supervision. He reportedly maintains a stable residence in Brooklyn, New York, where he resides with his fiancee, their two children, and her two children from a previous relationship. Furthermore, Moore is gainfully employed full-time as a personal trainer for New York Sports Club located in Brooklyn.

On September 19, 2012, our office received correspondence from USPO Moore notifying us of the offender's arrest, and respectfully requests that no action be taken against the offender at this time while they await the disposition of his case.

In addition, EDNY is requesting a transfer of jurisdiction to ensure that all future non-compliance matters will be handled in an expeditious manner.

Tyrone Moore                                             Docket Number: 02-CR-1157 (SCR)
                                                                       P37354/EF.dlh

4

## RECOMMENDATION

As the Judge of record is no longer presiding, we approach Your Honor with our request. Based on the above, the EDNY Probation Department respectfully recommends that the Court take no action against the offender at this time, pending the disposition of his case. EDNY indicates that they will continue to monitor Moore's case status in the Brooklyn Criminal Court.

Additionally, inasmuch as the offender resides within the confines of EDNY and has no plans to return to the Southern District of New York, we respectfully recommend that jurisdiction of the offender's case be transferred to EDNY. This will ensure that all future matters with the Court, including any further no-compliance, will be handled in an expeditious manner.

We stand ready to execute the orders of the Court and have attached a response page in order to facilitate Your Honor's reply.

Respectfully submitted,

Michael Fitzpatrick
Chief U.S. Probation Officer

by

Enid Febus
Supervising U.S. Probation Officer
(212) 805-5074

Date: 9/20/12

Tyrone Moore                                    Docket Number: 02-CR-1157 (SCR)
                                                              P37354/EF.dlh



*Judicial Response*

[✓]   Court approves U.S. Probation Officer's recommendation of no action taken at this time.

AND

[✓]   Transfer of Jurisdiction Approved

[ ]   Transfer of Jurisdiction Denied

OR

THE COURT ORDERS:

[ ]   The Issuance of a Summons
            The Offender is directed to appear as follows:

                    Date:   _____
                    Time:   _____
                    Place:  _____

[ ]   Initiate Violation Proceedings

[ ]   Submit a Request for Modifying the Condition or Term of Supervision

[ ]   Other:

_____
_____

                                        _____
                                        Signature of Judicial Officer

                                        _____
                                        Date